## MINTON *v.* BENNIGHT.

Opinion delivered May 27, 1907.

EXECUTION UNDER FEE BILL—SALE OF LAND.—Land can not be sold in this State under a fee bill not based upon a judgment or order of the court.

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor. Affirmed.

### STATEMENT BY THE COURT.

R. S. and J. D. Bennight are children of J. J. and Susan Bennight, who were the owners of certain land in Sebastian County, Arkansas. In 1901 J. J. and Susan Bennight brought an action against A. H. Sprague in the Sebastian Circuit Court for the Greenwood District. During the progress of the action a fee bill was issued by the clerk of that court against the plaintiffs, J. J. and Susan Bennight, and delivered to the sheriff to collect fees due certain witnesses summoned by the Bennights. The sheriff levied the fee bill upon the land owned by the Bennights and sold the same at public sale to L. W. Minton, and afterwards his successor in office issued a deed conveying the land to Minton. J. J. and Susan Bennight are now dead. The plaintiffs, who are their descendants and heirs, are now in possession of the land, and bring this suit in equity to set aside and cancel the deed from the sheriff to Minton as a cloud on their title.

The chancellor declared the law to be that there is no statute authorizing the levy upon or sale of real estate under the fee bill and that the levy and sale of the lands in question under a fee bill was void and that the deed executed by the sheriff to Minton is a cloud on the title of plaintiffs. He therefore ordered the deed cancelled, and gave judgment against defendant for costs.

Defendants appealed.

*G. S. Evans,* for appellee. *Joseph M. Spradling,* of counsel.

Fee bills are a species of executions and can be levied on land. Kirby's Digest, § 5530. It is headed "FEE BILLS HAVING

THE FORCE OF EXECUTIONS." These statutes were passed in 1842-3, when lands could not be sold under execution. Since then land can be levied on and sold under execution or fee bill. A fee bill is called an execution in 81 Ark. 192.

*T. B. Pryor,* for appellees.

1. Fee bills can not be levied on lands. "Goods and chattels" do not embrace land. 6 Ark. 280; 27 *Id.* 20; Freeman on Ex., § 270; Kirby's Digest, § 3530, etc. The headlines were interposed by the Digester, and are no part of the law. Lands were subject to execution in 1842-3. Sec. 74, act of July 3, 1817, Laws of Arkansas Territory, p. 341. A fee bill is the fiat of a clerk; an execution is based upon a judgment of a court. 10 Cyc. 921; 3 Ark. 532.

RIDDICK, J., (after stating the facts.) The only question in this case is whether land can be sold in this State under a fee bill issued by a clerk of the circuit court not based upon a judgment or order of the court.

The statute authorizes the sheriff to levy fee bills upon "goods and chattels." Kirby's Digest, § 3530. If this statute is valid, it gives no authority to levy upon or sell land under a fee bill, and we are of the opinion that there was no authority for such a proceeding.

Judgment affirmed.